

# IN THE UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANDRE  D. WEST,

                **Plaintiff,**

vs

LEGACY MOTORS, Et AL

                **Defendants.**

Case:2:16-cv-12101
Judge: Cleland, Robert H.
MJ: Whalen, R. Steven
Filed: 06-08-2016 At 04:34 PM
CMP ANDRE E. WEST V LEGACY MOTORS (LG)

Andre West
Plaintiff, in pro per
25230 Joy Rd
Redford, Michigan 48239

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no case pending in this Court
which arises out of the same
transaction or occurrence
at issue in this Complaint.

## IN PRO SE STANDARD

In <u>Puckett</u> v <u>Cox</u>, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233).  Justice Black in <u>Conley</u> v <u>Gibson</u>, 355, U.S. 41 at 48 (1957). "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a

1

proper decision on the merits." According to Rule 8(f) FRCP and the State Court rule which holds that all pleadings shall be construed to do substantial justice."

Pleadings in this case are being filed by plaintiff propria persona, wherein pleadings are not to be held to the same high standards of perfection as practicing lawyers. See <u>Haines</u> v <u>Kremer</u>, 404 US 519 (1972); <u>Hulsey</u> v <u>Owens</u>, 63 F3d (5th Cir 1995); <u>Hall</u> v <u>Bellmon</u>, 935 F.2d 1106 (1991).

## COMPLAINT AND DEMAND FOR JURY TRIAL

Andre D. West, in pro per, and for his complaint against Defendant Legacy Motors and Credit Acceptance, submit the following:

## JURISDICTION AND VENUE

Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1331 and 1391(b).

## THE PARTIES

1.    That Plaintiff is a resident of the City of Redford, County of Wayne, State of Michigan.

2.    That upon information and belief Defendant Legacy Motors is doing business in the State of Michigan, located at 6000 8 Mile Rd, Detroit, MI 48234.

2

3.    That upon information and belief Defendant Mario Z is doing business in the State of Michigan located at 6000 8 Mile Rd, Detroit, MI 48234.

4.    That upon information and belief Defendant Credit Acceptance is doing business in the State of Michigan

## BACKGROUND FACTS

5.    On June 7, 2015, Plaintiff called Legacy Motors to inquire about a 2006 Cadillac DTS, with a sales price listed as $7,995.00.

6.    After hearing the sales pitch from Mario, Plaintiff decided to go into Legacy Motors to view the 2006 Cadillac DTS, with a sales price listed as $7,995.

7.    Plaintiff went in to Legacy Motors on June 9, 2015, to view the vehicle, provide proof of income, allowed Legacy to run a credit check. However, Plaintiff did not make a down payment, make any written or verbal commitments or to purchase the 2006 Cadillac DTS.

8.    Plaintiff was not sure if the vehicle was right for him, so, Plaintiff decided to go to several other car lots along 8 Mile Rd, to inquire of other vehicle with better pricing.

9.    After Plaintiff was unsuccessful with his search for better pricing, Plaintiff returned to Legacy Motors on June 11, 2015, and made a $350 partial payment towards the $1,100.00 down payment.

10.    At the time the initial partial payment was made and at the of the initial credit check, Legacy Motors did not provide plaintiff with TILA Disclosure in a written form, which Plaintiff could have kept for personal review, and Plaintiff did not sign or receive any documents.

11.    On June 11, 2015 Plaintiff was told by Mario that the "vehicle comes with a warranty, the vehicle is in excellent condition, the vehicle has no issues and will last a long time".

12.    On June 13, 2015, Plaintiff paid made the final payment towards the $1,100.00.   Plaintiff and his Co –signer was rushed through the signing process on that same day.

13.    Plaintiff was given TILA disclosures and other documents on June 15th, 2015, which was the day Plaintiff picked up the vehicle.

14.    Plaintiff's Co-signer received her TILA disclosures by mail weeks Later from Credit Acceptance.

4

15.    On June 15, 2015, when Plaintiff and his Co-Signer glanced through the Plaintiffs' E-signed documents in the presence of Mario, Plaintiff raised several issues to Mario regarding the now inflated price of the vehicle, the warranty Plaintiff was now responsible to pay for, although, Mario misrepresented the vehicle comes with a warranty, and the interest rate.

16.    Mario's response regarding the increase in the price of the car was: "because you did not pay cash for the car, the price of the car goes up when you get a car financed". But, Plaintiff did not know how true Mario's response was.

17.    Mario's response regarding the warranty was: "the warranty is a good warranty which covers the vehicle in the event something goes wrong". "You're paying for a good warranty".

18.    Confused and distraught about the transaction, Plaintiff was just ready to leave Legacy Motors and hope for the best.

19.    Once Plaintiff got home and further reviewed the closing documents, Plaintiff noticed the agreement was dated June 9, 2015, although Plaintiff and Co-signer signed on the same date and at the same time, which was June 13, 2015.

20.    The Dealer's paper issued plate was also dated June 9, 2015, although

plaintiff received the car on the June 15, 2015.

21.    After receiving the vehicle on June 15, 2015, on or around June 20, 2015, the check engine light appeared on the dashboard and the automatic starter stopped working. Plaintiff also noticed red transmission fluid in the driveway.

22.    On or around June 20, 2015. Plaintiff called Mario and informed him of the situation regarding the leaking transmission.  Mario stated to Plaintiff that: " the automatic starter is tied in with the computer system and when something is wrong with the car, the automatic starter stops working".

23.    Regarding the red transmission fluid, Mario said that: " your vehicle is under warranty so you should go to a mechanic that deals with warranty issues".

## COUNT I
## VIOLATIONS OF TILA

24.   TILA requires that creditors, such as Legacy Motors, provide Plaintiff the required disclosures "before the credit is extended." 15 U.S.C. § 1638(b).

25.    Regulation Z provides that "[t]he creditor shall make disclosures before consummation of the transaction." 12 C.F.R. § 226.17(b). "Consummation" is defined as the time "the consumer becomes contractually obligated on a credit

transaction." 12 C.F.R. § 226.2(a) (13).

26.    Regulation Z also provides the manner in which disclosures shall be made. In closed-end credit transactions, "[t]he creditor shall make the disclosures ... clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a) (1).

27.    The date of consummation in plaintiffs' credit transactions is the date on which Plaintiff signed the contract and thereby became contractually obligated to pay. *See* 12 C.F.R. § 226.2(a) (13).

28.    The date Plaintiff signed the agreement was June 13, 2015.    However, the agreement was backdated to show a signing date of June 9th, 2015.

29. Defendant Legacy Motors failed to comply with Regulation Z because, Legacy Motors never showed written TILA disclosures to plaintiffs prior to the signing, and it failed to provide those disclosures "in a form that Plaintiff may keep" prior to or immediately after  plaintiffs became contractually obligated to pay. 12 C.F.R. § 226.17(a) (1), (b).

30. Plaintiff never signed the agreement on June 9, 2015, as alleged

7

within the Agreement.

31. In addition, as provided under TILA regulation, Legacy Motors failed to (1) accurately disclose the applicable finance charge before consummation, (3) accurately disclose and itemize the amount financed before consummation , (4) failed to disclose the applicable APR before consummation, (5) and failed to disclose that the price of the vehicle would be inflated before consummation.

## COUNT III
## FRAUD

32. On June 9-13, 2015, Mario Z falsely alleged that the vehicle comes with a warranty.  However, the vehicle did not come with a warranty.

33. Plaintiff was unknowingly made to purchase a warranty in the amount of $2000.00 plus.  All of which was disclosed to Plaintiff after he received the disclosures  and overview the signed disclosures /agreement.

34. On June 13, 2015, Mario Z falsely increased the price of the vehicle in finance documents from $7,995.00 to $10,995, as a result of plaintiff obtaining financing verses paying cash.

35. On June 9-13, 2015, Mario misrepresented the condition of the

vehicle, causing Plaintiff to enter into an agreement that he would not have entered into had he received full and truthful disclosure concerning the condition of the vehicle.

36. Mario inflated the price of the vehicle because Plaintiff was not paying cash for the vehicle and Plaintiff was made to pay the taxes on the inflated.

37. Plaintiff has been harmed by Legacy as a result of Plaintiff being made to pay the taxes on the inflated sales price.  Hiding the negative equity is fraud.

## COUNT IV
## VIOLATIONS OF MCL 445.903

38.  Defendant Legacy Motors violated MCL 445.903, Sec. 3. (1) (e),(n), and  (o).

39. On June 9-13, 2015 Defendant Legacy Motors and/ or Mario Z violated MCL 445.903, Sec 3, (1) (e) in representing that the goods (2006 Cadillac DTS) is of a particular standard and /or quality (Good or Excellent condition), which caused Plaintiff to enter into the agreement.

40. Defendant Legacy Motors violated MCL 445.903, Sec. 3. (1) (n) and (o) by causing confusion or misunderstanding to legal rights of plaintiff

9

concerning rights to recession, TILA Disclosures, Notice Requirements, Actual

price of vehicle, obligations, vehicle warranty, terms or conditions of credit

extended, and/or remedies.

## COUNT V
## UNCONSCIONABLE ARBITRATION CLAUSE UNDER MCL440.2302

41. Defendant Credit Acceptance is enforcing arbitration clause provisions

within the agreement which were procedurally and substantively unconscionable

at the time of execution of the agreement .

42. Defendant Credit Acceptance is enforcing substantively unconscionable

arbitration provisions as a result of:

(a):  The actual price of the vehicle being inflated from $7,995.00 to
      $10,995.00, once Legacy Motors and/or Mario Z learned that
      Plaintiff wanted to obtain financing verses paying cash.

(b):  The overall cost of the vehicle was unreasonable in light of the
      actual condition of the vehicle, and bluebook value.

(c):  Plaintiff was unknowingly made to purchase a unusable warranty
      which did not cover any of the problems that needed to be fixed
      on the vehicle.

(d):  The purchase date listed within the agreement is not the same date
      Plaintiff signed the actual agreement, causing the payment due
      date not to coincide and/or match with the date of signing.

(e):   Plaintiff made to pay taxes on the inflated overall price of the vehicle.

(f):  The contractual term were so one-sided as to oppress or unfairly surprise of Plaintiff.

(g):  Plaintiff sought financing of a vehicle for secure reliable transportation.  Instead, Plaintiff is made to pay for transmission fluid weekly so that the transmission does not completely go out.

(h):  All of the terms and conditions of the agreement, warranty, actual condition of the vehicle, and actual price of the vehicle was learned after signing the agreement and taking the vehicle home.

43. Defendant Credit Acceptance is enforcing procedurally unconscionable arbitration provisions as a result of:

(a) at the time of signing of the agreement Plaintiff was hurried to sign and had no reasonable opportunity to review all of the agreement prior to signing.

(b) Plaintiff receiving TILA disclosures days after consummation of the agreement.

(c) Plaintiff not being fully advised or informed of the total cost of the vehicle and/or interest rates, and warranty.

44. Credit Acceptance is enforcing an unconscionable agreement and/or arbitration clause of the agreement, developed by Legacy Motors, to enforce penalties, repossession, and default provisions.

45.  Plaintiff request this honorable court to invalidate the arbitration

11

Clause of the agreement

## RELIEF SOUGHT

WHEREFORE, Plaintiff reserves the right to amend the complaint once

Full details are gathered and Plaintiff demands judgment against all Defendants for

actual, special, compensatory and punitive damages, costs, expenses, and interest

in an amount not less than $70,000.00 (Seventy Thousand Dollars).


Date: _____                    _____
                                                        Andre West

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andre West

**DEFENDANTS**
Legacy Motors

**(b)** County of Residence of First Listed Plaintiff  Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Wayne

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Case:2:16-cv-12101
Judge: Cleland, Robert H.
MJ: Whalen, R. Steven
Filed: 06-08-2016 At 04:34 PM
CMP ANDRE E. WEST V LEGACY MOTORS (
LG)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.         Is this a case that has been previously dismissed?        ☐ Yes
                                                                      ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


2.         Other than stated above, are there any pending or previously
           discontinued or dismissed companion cases in this or any other     ☐ Yes
           court, including state court? (Companion cases are matters in which  ☒ No
           it appears substantially similar evidence will be offered or the same
           or related parties are present and the cases arise out of the same
           transaction or occurrence.)

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


Notes :

# New Lawsuit Check List

**Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.**

☑ Two (2) completed **Civil Cover Sheets.**

☐ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

_3_ + 2 = _5_ **Complaints.**
# of Defendants    Total

Received by Clerk: _____ Addresses are complete: _____

Case:2:16-cv-12101
Judge: Cleland, Robert H.
MJ: Whalen, R. Steven
Filed: 06-08-2016 At 04:34 PM
CMP ANDRE E. WEST V LEGACY MOTORS ( LG)

☐ If any of your defendants are **government agencies:**
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| **If Paying The Filing Fee:** | **If Asking That The Filing Fee Be Waived:** |
|---|---|
| ☐ Current new civil action filing fee is attached. | ☑ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms. |
| Fees may be paid by check or money order made out to: | |
| ***Clerk, U.S. District Court*** | |
| Received by Clerk: _____ Receipt #:_____ | Received by Clerk: _____ |

**Select the Method of Service you will employ to notify your defendants:**

| **Service via Summons by Self** | **Service by U.S. Marshal** (Only available if fee is waived) | **Service via Waiver of Summons** (U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address. | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint. ☐ Two (2) completed **Request for Service by U.S. Marshal** form. | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk. Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need: • One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant. • Two (2) **Waiver of the Service of Summons** forms per defendant. Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |
| Received by Clerk: _____ | Received by Clerk: _____ | |

**Clerk's Office Use Only**

Note any deficiencies here:

No Summons, No 285 forms, No Waiver of Summons

Rev. 4/13