UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE D. WEST,

    Plaintiff,

  v.                                              Case No. 16-12101

LEGACY MOTORS, INC., et. al.,

    Defendants.
                                              /

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTIONS TO COMPEL ARBITRATION AND DISMISS**

This matter arises from the circumstances surrounding the sale of a vehicle by Defendant Legacy Motors Inc. to pro se Plaintiff Andre West, with financing provided by Defendant Credit Acceptance Corp. (Dkt. # 1.) Plaintiff alleges violations of the Truth in Lending Act, 15 U.S.C. § 1638(b), the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903, and common-law fraud. (*Id.*) Each Defendant has filed a Motion to Compel Arbitration and Dismiss under the Federal Arbitration Act, 9 U.S.C. § 1 et. seq., citing the written arbitration agreement signed by Plaintiff. (Dkt. ## 11, 12.) Plaintiff argues that the arbitration clause is unconscionable. (Dkt. ## 1, 14.) After reviewing the motions and Plaintiff's Response, filed October 20, 2016 (Dkt. # 14), the court concludes that further briefing and a hearing are unnecessary. *See* E.D. LR 7.1(f)(2). For the reasons that follow, the court will grant Defendants' motions.

**I. BACKGROUND**

The following facts are undisputed unless otherwise noted. Plaintiff entered into a "retail installment contract" with Legacy Motors to purchase a 2006 Cadillac in June of

2015. (Dkt. # 12-1, Pg. ID 113.) Legacy immediately assigned its interests in the contract to Credit Acceptance. (*Id.* at Pg. ID 116.) The written contract contained a page-long arbitration clause. (*Id.* at Pg. ID 117.) On the first page, two provisions refer to the arbitration clause, reading:

> **Arbitration Notice:** PLEASE SEE PAGE 4 OF THIS CONTRACT FOR INFORMAITON REGARDING THE **AGREEMENT TO ARBITRATE** CONTAINED IN THIS CONTRACT.
>
> **ADDITIONAL TERMS AND CONDITIONS:** THE CONDITIONAL TERMS AND CONDITIONS, INCLUDING THE AGREEMENT TO ARBITRATE SET FORTH ON THE ADDITIONAL PAGES OF THIS CONTRACT ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY REFERENCE.

(*Id.* at Pg. ID 113 (emphasis in original).) The arbitration clause, on the fourth page of the contract, provides:

> A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under the contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on [sic] tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories.
>
> Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies . . . .
>
> If You or We elect to arbitrate a Dispute, neither You nor We will have the right to pursue that Dispute in court or have a jury resolve that dispute . . . .
>
> It is expressly agreed that this Contract evidences a transaction in interstate commerce. This Arbitration Clause is governed by the FAA and not by any state arbitration law.

(*Id.* at Pg. ID 117.) Plaintiff also had the right to reject the arbitration clause without affecting the balance of the agreement, which he did not do. (*Id.*)

2

## II.  DISCUSSION

The FAA states that every written provision in a contract "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The act requires federal courts to stay an action when the issue in the proceeding is referable to arbitration and to compel arbitration when one party fails or refuses to comply with the provisions of an enforceable agreement. *See* 9 U.S.C. §§ 3, 4; *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 573 (6th Cir. 2003).

The Supreme Court has described the FAA as manifesting "a liberal federal policy favoring arbitration agreements" which "requires [the courts] to rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-26 (1985) (citations omitted). In the Sixth Circuit:

> when considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Glazer v. Lehman Bros.*, 394 F.3d 444, 451 (6th Cir. 2005).

First, the court concludes that the parties agreed to arbitrate. *Id.* Plaintiff and Legacy Motors signed the retail installment contract containing the full-page arbitration clause. (Dkt. # 12-1, Pg. ID 117.) Plaintiff did not exercise his right to reject under the contract, which would not have affected the balance of the agreement. (*Id.*)

3

While Plaintiff argues that the arbitration clause is unconscionable, other courts have upheld highly similar clauses. *See, e.g.*, *Credit Acceptance Corp. v. Davisson*, 644 F. Supp.2d 948, 958-59 (N.D. Ohio 2009); *Anderson v. Credit Acceptance Corp.*, 2015 U.S. Dist. LEXIS 70149 (W.D. Mich. June 1, 2015). Plaintiff's argument that the arbitration clause is substantively unconscionable is, effectively, that Plaintiff got a bad deal. (Dkt. # 14, Pg. ID 127-28.) But a contract is not unconscionable "simply because it is foolish for one party and advantageous to the other." *Home Owners Ins. Co. v. ADT LLC*, 109 F. Supp.3d 1000, 1005-06 (E.D. Mich. 2015) (Ludington, J.) ("Instead, a term is substantively unreasonable where the inequity of the term is so extreme as to shock the conscience.") (citation omitted)). Here, there is no apparent inequity of any kind, far from any so "extreme as to shock the conscience." The contract, in plain and prominent language, simply called for what amounted to an option to arbitrate, which would be held in the Purchaser's own home jurisdiction. (Dkt. # 12-1, Pg. ID 117.) The power to arbitrate or sue is held entirely in the hands of the purchaser. The court finds nothing unfair or inequitable about such a clause, and concludes that the instant arbitration clause is enforceable.

Second, the scope of the agreement is broad. The arbitration clause provides for arbitration of "any Dispute," and provides that "'Dispute' shall have the broadest meaning possible, and includes contract claims, and claims based on [sic] tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories." (*Id.*) The contractual language clearly calls for a broad scope.

Third, nothing suggests that Congress intended to exempt Plaintiff's claims from arbitration. "The burden is on the party opposing arbitration . . . to show that Congress

4

intended to preclude a waiver of judicial remedies for the statutory rights at issue." *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 227 (1987). Plaintiff does not address the issue, and the court necessarily concludes that Congress has not precluded arbitration of Plaintiff's claims. *Id.*

Finally, because all of Plaintiff's claims are subject to arbitration, there is no reason to stay this proceeding rather than dismiss without prejudice. *Glazer*, 394 F.3d at 451.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Defendants' Motions to Compel Arbitration and Dismiss (Dkt. ## 11, 12) are GRANTED. This case is DISMISSED WITHOUT PREJUDICE to the parties' right to move to re-open this case for entry of an arbitration award or for any other relief to which the parties may be entitled.

IT IS FURTHER ORDERED that the parties are directed to proceed with arbitration of Plaintiff's claims pursuant to the terms of the agreement to arbitrate.

                                                s/Robert H. Cleland               /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  November 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 2, 2016, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                   /
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522

S:\Cleland\TLH\Civil\16-12101.WEST.mot.dismiss.grant.