**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDRE D. WEST,

    Plaintiff,

  v.                                Case No. 16-12101

LEGACY MOTORS, INC., et. al.,

    Defendants.
                                           /

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

*Pro se* Plaintiff Andre West purchased a vehicle on credit from Defendant Legacy Motors, Inc., with financing provided by Defendant Credit Acceptance Corp. (Dkt. # 1.) Dissatisfied with the deal, Plaintiff brought the instant action alleging that Defendants' conduct during the sale was fraudulent. (*Id.*) Citing a prominent and expansive arbitration provision in the sale contract, each Defendant filed a Motion to Compel Arbitration and Dismiss. (Dkt. ## 11, 12.) The court granted both motions in its opinion and order entered November 2, 2016. (Dkt. # 15.) Now before the court is Plaintiff's Motion for Reconsideration of that order. (Dkt. # 16.) The court will deny Plaintiff's motion for the reasons that follow.

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). The court will not grant motions for reconsideration that "merely present the same issues ruled upon by the court." *Id.*

Plaintiff's motion largely reasserts the same arguments made in his responsive briefings on the motions to compel arbitration — that the arbitration provision is substantively and procedurally unconscionable and that Plaintiff was fraudulently induced into signing. (Dkt. # 16, Pg. ID 159.) The court has already considered and rejected these arguments, and will not revisit them. *See* E.D. Mich. L.R. 7.1(h)(3).

Plaintiff relies heavily on his assertions that the sale contract containing the arbitration provision was backdated. (Dkt. # 16, Pg. ID 159.) Plaintiff argues that he "was not allotted the full 30 day [period] to reject arbitration" because he actually signed on June 15, 2015 — not on June 9, 2015, as stated in the contract. (*Id.*) Even assuming this to be true, Plaintiff still had over three weeks to read the sale contract and opt out of the arbitration provision without affecting the balance of the agreement. (Dkt. # 12-1, Pg. ID 117.) Missing the extra six days is insufficient to render the clause substantively unconscionable. *See Home Owners Ins. Co. v. ADT LLC*, 109 F. Supp.3d 1000, 1006 (E.D. Mich. 2015) (Ludington, J.) ("[A] term is substantively unreasonable where the inequity of the term is so extreme as to shock the conscience.") (citation omitted).)

For the first time, Plaintiff raises the arbitration clause's fee-splitting provision and argues that when it is "coupled with the total lack of mutuality, the sliding scale is tipped heavily in favor of complete unconscionability." (Dkt. # 16, Pg. ID 165.) In the Sixth Circuit, courts determine the enforceability of "cost-splitting" or "fee-splitting" provisions on a case-by-case basis. *Morrison v. Circuit City Stores, Inc.* 317 F.3d 646, 657-58 (6th Cir. 2003).

The relevant provision provides:

> We will consider any good faith request You make to Us to pay the administrator's or arbitrator's filing, administrative, hearing and/or other

2

> fees if You cannot obtain a waiver of such fees from the administrator and We will not seek or accept reimbursement of any such fees. We will bear the expense of our attorneys, experts and witnesses, except where applicable law and this Contract allow Us to recover attorneys' fees and/or court costs in a collection action We bring. You will bear the expense of Your attorneys, experts and witnesses if We prevail in an arbitration. However, in an arbitration you commence, We will pay Your fees if You prevail or if We must bear such fees in order for this Arbitration Clause to be enforced. Also, We will bear any fees if applicable law requires Us to.

(Dkt. # 12-1, Pg. ID 117.) The provision does not impose a greater share of the expenses on Plaintiff than would litigation in this court. To the contrary, it makes arbitration, if anything, more affordable for Plaintiff than federal litigation. This provision does not "tip the scale" in favor of unconscionability.

Finally, Plaintiff argues that he would be barred by the applicable statute of limitations from asserting his claims under Truth in Lending Act, 15 U.S.C. § 1638(b), in arbitration. (Dkt. # 16, Pg. ID 167). Plaintiff's assertion is irrelevant to whether the agreement is unconscionable. In any event, the arbitrator is free to find that Plaintiff satisfied the statute of limitations by initiating this action within the applicable one-year limitations period. 15 U.S.C. § 1640(e).

The court concludes that its Opinion and Order Granting Defendants' Motions to Compel Arbitration and Dismiss (Dkt. # 15) is free of any palpable defect. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration (Dkt. # 16) is DENIED.

                                                          s/Robert H. Cleland           /
                                                          ROBERT H. CLELAND
                                                          UNITED STATES DISTRICT JUDGE

Dated: December 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 12, 2016, by electronic and/or ordinary mail.

                                                  <u>s/Lisa Wagner                   /</u>
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522

S:\Cleland\TLH\Civil\16-12101.WEST.mot.dismiss.grant.tlh.docx